May 12, 1977.

M. P. No. 77-144. ANTHONY DeLUCA *v.* RHODE ISLAND STATE BOARD OF ELECTIONS *et al.* This is common law certiorari. On Friday, March 25, 1977, between the hours of 1 and 2 p.m., the petitioner, then the President of the Cranston City Council, telephoned the deputy city clerk and dictated to her a one-sentence letter of resignation, which was addressed to the city clerk. The sentence reads: "I tender my resignation from the Cranston City Council forthwith." The petitioner claims that he informed the personnel in the clerk's office that he would come into City Hall on Monday to sign the letter. However, the deputy clerk signed the letter, using the petitioner's name and adding her initials. On past occasions when the petitioner had taken advantage of the secretarial services provided by the city clerk, the deputy had supposedly been authorized to sign the petitioner's name.

The record certified to us indicates that, on the same day that petitioner dictated his letter, the city clerk wrote to the Board of Canvassers and advised that body that, acting pursuant to the provisions of the city's charter, he was notifying the Canvassers that there was a vacancy on the Council. On Sunday, March 27, petitioner apparently had a change of mind, and on the following evening he attended the Council meeting and stated that he had no intention of resigning. The Board of Canvassers met on Thursday, March 31, and established a timetable for filling the vacancy by setting up a schedule for such matters as the filing of nomination papers, the giving of party endorsements, and the holding of a primary and a special election. The primary is scheduled for May 17, while the special election is to be held on June 21. The petitioner's attorney

appeared at the March 31 meeting to dispute the claim of vacancy but was told by the Canvassers that since vacancies are determined by "the City Clerk," the sole purpose of the meeting was to set the election machinery in action.

The petitioner then took an appeal to the Board of Elections, where he renewed his contention that there was no vacancy because he had not resigned from office. The Board dismissed his appeal on the ground that it lacked jurisdiction to determine the resignation issue. We disagree.

The Board has jurisdiction over all matters appealed to it from the Board of Canvassers as well as "such other matters pertinent and necessary to the proper supervision of the election laws." General Laws 1956 (1969 Reenactment) §17-7-5 (d). The Board of Elections is specifically authorized to conduct hearings and, if necessary, compel the production of such "legal evidence" as will enable it to discharge its duties. Section 17-7-10. *See also DeCesare v. Board of Elections,* 104 R.I. 136, 242 A.2d 421 (1968).

While this court is the ultimate arbiter of whether petitioner had effectively resigned from his office at the time the city clerk notified the Canvassers of the alleged vacancy, there are certain factual determinations which must be made before this issue can be resolved. On the other hand, the Board of Elections is a quasi-judicial body which has the right and statutory obligation to hear all evidence that is relevant to the resignation question, then make findings of fact, and with the assistance of legal counsel apply its findings of fact to the principles of law which are pertinent to one's resigning from public office.

Accordingly, this cause is remanded to the Board of Elections so that it may with due dispatch conduct a hearing, at which testimony can be presented so that the Board can make appropriate findings of fact on such matters as the deputy clerk's authority to sign the petitioner's signature to the letter

she typed, the substance of the telephone conversations that occurred between the petitioner and the city clerk or his deputy, and the practices followed in the past when members resigned from the City Council. The detailing of these matters is merely by way of suggestion. It is not our intent in any way to limit the Board's area of inquiry. After the hearing is concluded, the Board shall make the necessary determinations and remand the record, as supplemented by its findings and the transcript of the hearing, to this court, which will continue to retain jurisdiction over this cause. Furthermore, the respondent Board of Canvassers is hereby enjoined from holding the primary or special elections until further order of this court. *DeSano & Thibodeau, Robert S. Goldman, Keven A. McKenna,* for petitioner. *Julius C. Michaelson,* Attorney General, *William Granfield Brody,* Special Asst. Attorney General, *Peter Palombo, Jr.,* City Solicitor, *Stephen F. Achille,* for respondents.